GEORGE F. HEWSON COMPANY, A NEW JERSEY CORPO-
RATION, PLAINTIFF-RESPONDENT, v. JOHN EBERS-
BERGER, DEFENDANT-APPELLANT.

Submitted May term, 1927—Decided November 15, 1927.

Contracts—Commissions for Agent in Securing Tenant—Judg-
ment for Plaintiff—Alleged That There was a Specific Con-
tract, and That the Court Erred in Submitting Case on
Quantum Meruit Basis; That There was No Proof of Serv-
ices Upon Which to Rest a Claim and That as the Owner'
on Good Grounds Refused to Complete the Lease, No Re-
covery Could be Had—Held, That There was No Error in
Submitting Case on Basis of Reasonable Value of Services,
That There was Evidence of the Value of the Services and
That Claim That Owner Refused to Consummate Lease on
Reasonable Grounds is Not Well Taken.

On appeal from the Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and
LLOYD.

For the appellant, *Fast & Fast*.

For the respondent, *Aaron Marder*.

PER CURIAM.

This is an appeal by the defendant from a judgment against
him in the Circuit Court of Essex county, wherein the plain-
tiff was awarded $6,288.75 by a jury for the reasonable value
of services rendered by the plaintiff to defendant in obtaining
a tenant for an apartment house in Newark known as the
Maragaret Apartments.

The grounds of appeal argued are:

1. That the court erred in submitting the case upon a
*quantum meruit* basis, because, it is alleged, the complaint
set up a special contract.

2. There was no proof of value of services upon which to
rest a claim so based.

3. That the owner refused to complete the lease upon good
ground; therefore, no recovery could be had.

The court did not err in submitting the case on the basis of the reasonable value of the services. The language of the complaint is substantially the same as in the case of *Colloty* v. *Schuman,* 76 *N. J. L.* 502, in which the Court of Errors and Appeals upheld a verdict resting on a *quantum meruit.* If the fact were otherwise, the case having been heard on its merits, amendment would be permissible even in this court. *Boniewsky* v. *Polish Home,* 5 *N. J. Adv. R.* 540 (not yet officially reported). Moreover, section 27 of the Practice act of 1927, page 382, provides that "no judgment shall be reversed for error as to matter of pleading or procedure unless, after examination of the whole case, it shall appear that the error injuriously affected the substantial rights of the parties." The defendant's rights were not injuriously affected.

We think, also, that there was evidence of the value of the plaintiff's services. It was shown that for renting there was a regular rate of five per cent. commission in the real estate board of the city of Newark, of which Hewson, president of the plaintiff company, was a member. This, coming into the case without objection, offered some basis for the jury's consideration, and on it a verdict rendered at the lower rate of three per cent. was well within the proofs adduced.

The claim that the owner refused to consummate a lease to the tenant for adequate reasons is not well founded. It is difficult to find in the grounds of appeal any ruling of the courts presenting the question sought to be raised. If the fact here were otherwise, the criticism would be without merit. The plaintiff's proofs showed that a tenant had been procured who was ready and able to comply with the terms which the plaintiff was authorized to offer. The defendant, however, attempted to make the signing of the lease contingent on an agreement with the plaintiff, his agent, as to commissions, and contends here that he could legally do so. This the court properly told the jury the defendant could not do; that in such a situation it was his duty to execute the lease, leaving to the future to settle his differences with the plaintiff by negotiation or suit.

The judgment is affirmed.